LATORRE, ADMINISTRATOR, PLAINTIFF AND APPELLEE, *v.* TORRES,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
to Recover on a Mortgage.

No. 1416.—Decided February 24, 1917.

FINDINGS OF FACT—APPEAL.—The failure of the trial court to make particular
findings of fact cannot be pleaded as error on appeal.

ID.—FRAUDULENT AND SIMULATED CONTRACT—SELF-SERVING DECLARATION—EVI-
DENCE.—When the administrator of an estate sues to recover the amount
due on a mortgage and all the evidence tends to show that the contract
was fraudulent and simulated and the court so holds, the fact that the
deceased testified to the contrary during his lifetime in other actions between
the defendant, the defendant's wife and the deceased, cannot affect the
conclusion reached from the evidence, such testimony being in the nature
of a self-serving declaration.

ID.—ID.—ADMINISTRATOR.—The administrator of an estate cannot be in a bet-
ter position to set up a claim on a fraudulent contract than his intestate
would have been. *In pari delicto potior est conditio defendentis.* The
courts should lend no aid to a simulated contract. *Ex dolo malo non oritur
actio.*

The facts are stated in the opinion.

*Mr. Angel Arroyo Rivera* for the appellant.

*Mr. José Benet Colón* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant, among other alleged errors, complains of the
failure to make findings on some alleged material issues. We
have just decided in the case of *Paganacci* v. *Lebrón* that the
failure to make particular findings cannot be alleged as error.

The court in this case filed its "findings," which have
been transmitted to us. They are as follows:

"The complaint in this case was filed by Cristino Latorre, ad-
ministrator of the estate of Julio N. Laabes, deceased, in an action to
recover the sum of $500, due on December 31, 1914, as the first in-
stallment of a mortgage created by Roque Torres y Rodríguez and
his wife, Mauricia García, in a deed executed before Notary José
Benet on May 2, 1914.

"Defendant Roque Torres interposed a general demurrer on the
ground that the complaint did not allege facts sufficient to consti-
tute a cause of action and at the same time filed an answer denying

that he owed Julio N. Laabes the sum of $2,500, the total amount of the said mortgage, averring that when the deed was executed on May 2, 1914, before Notary José Benet he owed Julio N. Laabes, deceased, the sum of $600 only, and making other allegations in defense of his rights.

"The defendant also included in his answer a counter-complaint in which he alleged in substance, that he had executed said deed No. 15 on account of false and deceitful representations made by said Julio N. Laabes relative to his financial condition, etc.; that its execution was simulated, and that, in evidence of his good faith, on the same date on which the said deed was executed he joined Julio N. Laabes in the execution of a private instrument in which said simulation was acknowledged and it was set out that defendant Roque Torres owed Laabes $600 which he bound himself to pay in various installments. He concluded with a prayer that the court dismiss the complaint and sustain his counter-complaint.

"The case was tried on May 18, 1915, the parties and their attorneys being present, and as a result of all the evidence introduced the court finds the following:

"In this case the contract was simulated. However, the contract was not made, as alleged by the plaintiff, in order to make it appear that Julio N. Laabes was solvent, but for the purpose of defrauding Mauricia García, supra, wife of Roque Torres, who, on the date on which the said contract was entered into, had brought an action for divorce against her husband, the plaintiff, and prayed for a division of the conjugal partnership property.

"The real cause of the simulation of the said contract could not be pleaded by the defendant because, as its object was to defraud his wife in the division of the conjugal partnership property, he had no right to set up any claim against the heirs of Laabes.

"As regards the private instrument, or contra-document, as it is commonly called, which the defendant exhibits and in which Laabes sets forth the nature of the transaction between him and Roque Torres, the court is of the opinion that Laabes never signed such instrument.

"The said instrument appears to be signed by Laabes, but the court has arrived at the positive conviction that the signature which appears therein was not written by him and that the said instrument was drawn up after the death of Laabes.

"After Laabes died, what did the defendant do with the instrument? He went to the office of a notary public to make an exhibi-

tion of the instrument, a very rare action and one which the court had never heard of before in matters of this kind. If he desired to keep the document safely in order to be able to produce it when it might be necessary, he should have protocoled the document. The act of exhibiting a document before a notary has no value whatever and cannot insure that the signatures thereto are genuine. The acts of exhibiting the documents before a notary and attempting to introduce that act in evidence are highly suspicious. The plaintiff showed the instrument to his lawyer and to other persons, but he did not show it to the one person to whom he should have shown it—namely, Cristino Latorre, the administrator, who had been appointed as such months before by the courts and should have had knowledge of the document. The administrator was the person with whom defendant Roque Torres had to settle the matter and having a document of that kind, he should have presented it to the said administrator and not to other persons who had nothing to do with the administration of the estate of Laabes.

"For such reasons the court is of the opinion that the complaint should be sustained and judgment rendered in accordance with its allegations, with costs and attorney's fees against the defendant, and it is so ordered."

From the evidence we are satisfied with the court below that the mortgage contract on which this suit was brought was in point of fact simulated. The review of the testimony shows that all witnesses, not even excluding counsel for appellee, who took the stand, were convinced that the said contract was fraudulent and simulated. The proof all tended that way and the fact that plaintiff's intestate in his lifetime swore otherwise in independent suits between the appellant, appellant's wife and the intestate, being in the nature of self-serving declarations and perhaps otherwise incompetent, cannot affect the conclusion from the evidence reached by us as well as by the trial court. We agree, too, with the other conclusions of the court with regard to the facts. The alleged counter-document has no real or legal existence between the parties or their privies. The defendant was, it is true, a party to a fraud, and his unsupported testimony would have been entitled to very little weight, but his testimony

to the effect that the principal contract was in point of fact simulated was supported by other testimony. From the statements of the witnesses as to what happened after the signing of the principal contract we gather that Laabes and Roque Torres did in fact execute a contra-document, but that it was not the paper exhibited by Roque Torres to the notary. Whether this is true or not, the evidence, independently of the said contra-document, tends to show that the alleged mortgage contract was false. There is nothing in the books of Laabes to show the existence of so large a debt. His inventory was made up without it and the testimony of Roque Torres and others was that Laabes and said Roque Torres made the contra-document to deceive Mauricia García, the wife of Roque Torres.

We cannot, however, agree with the court's conclusions from the facts. Laabes was equally fraudulent and his administrator cannot be in a better position than Laabes himself would have been. *In pari delicto potior est conditio defendentis.* We can fully understand that the court was impressed with the bad faith and fraudulent conduct of the defendant in this and other suits and that the said defendant deserved little or no consideration, but neither did Laabes who aided and abetted him. The mortgage deed under which this administrator is claiming, in the contemplation or intention of the parties, never had any legal existence. The wife of the defendant was induced to sign it by the fraudulent representations of her husband and Laabes. That no recovery may be had on the said contract, may perhaps still benefit the only innocent party to the transaction. Being a fraudulent and simulated contract, the courts should lend no aid to it. *Ex dolo malo non oritur actio.* Hughes on Procedure, 493 *et seq.,* 605 *et seq.,* 933 *et seq.*

Sections 1242 and 1243 of the Civil Code provide:

"Section 1242.—Contracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is contrary to law and good morals.

"Section 1243.—The statement of a false consideration in contracts shall render them void, unless it be proven that they were based on another real and licit one."

There was no consideration for this contract and it was ineffective.

As we find this principal point in favor of appellant, it becomes needless to review the other errors assigned.

The judgment must be reversed and judgment rendered in favor of defendant, but without costs or counsel fees, and without prejudice to appellee to bring suit for the amount really due him.

*Reversed and substituted.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment and in the opinion as to the second error considered.